# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re:

G. YVONNE STEPHENS
LARRY K. ALEXANDER,

BKY Nos. 98-34858 and 98-33694

                Debtors.

**Civil No. 12-1144 (JRT)**
**Civil No. 12-1145 (JRT)**

MARY JO A. JENSEN, Trustee of the
Bankruptcy Estate of Larry Alexander

                Plaintiff,

v.

JOHN A. HEDBACK, Trustee of the
Bankruptcy Estate of G. Yvonne Stephens,
LARRY K. ALEXANDER, and
G. YVONNE STEPHENS,

                Defendants.

**AMENDED MEMORANDUM OPINION AND ORDER**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Civil No. 12-1423 (JRT)**

G. YVONNE STEPHENS

                Appellant,

v.

JOHN A. HEDBACK, Trustee of the
Bankruptcy Estate of G. Yvonne Stephens;

                Appellee.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Civil No. 12-1424 (JRT)**

LARRY KENNETH ALEXANDER,

                Appellant,

v.

MARY JO A. JENSEN-CARTER,

                Appellee.

Daniel L.M. Kennedy, **KENNEDY LAW GROUP PLLC**, 4103 East Lake Street, Minneapolis, MN 55406, for Georgina Yvonne Stephens and Larry K. Alexander.

Michael J. Iannacone, III and Mary F. Ahrens, **IANNACONE LAW OFFICE**, 8687 Eagle Point Boulevard, Lake Elmo, MN 55042; Karl A. Oliver, **THE OLIVER GROUP, PLC**, 1935 West County Road B2, Suite 415, Saint Paul, MN 55113, for Mary Jo A. Jensen-Carter.

John A. Hedback, **HEDBACK ARENDT KOHL & CARLSON**, 2855 Anthony Lane South, Suite 201, Saint Anthony, MN 55418, *pro se*.

This matter is before the Court on appeal from the Bankruptcy Court's May 10, 2012 order in bankruptcy cases 98-34858 and 98-33694 and on a motion to withdraw reference in those same cases. The Court will decline to exercise its discretion to withdraw reference, and it further notes that the motion is untimely. Because the Court finds that the Bankruptcy Court had jurisdiction and no appellant had any ownership interest in the property, the May 10 order of the Bankruptcy Court will be affirmed.[1]

## BACKGROUND

This litigation over the ownership of real property located at 875 Laurel Avenue in St. Paul, Minnesota ("875 Laurel") has now entered its fifteenth year, and the Court will not repeat its history. *See, e.g.*, *In re G. Yvonne Stephens*, No. 11-2661, 2011 WL 4340858, at *1 n.2 (D. Minn. Sept. 15, 2011) (Doty, J.). In short, the courts have repeatedly determined that the bankruptcy estates own 875 Laurel.

---

[1] The Court determines that oral argument is not needed on this motion. *See* Fed. R. Civ. P. 78(b).

On August 31, 2011, the Bankruptcy Court granted possession of 875 Laurel to Mary Jo A. Jensen-Carter and John A. Hedbeck (the trustees); Larry Kenneth Alexander ("Alexander"), G. Yvonne Stephens and their son, Andrew Will Alexander ("Andrew"), were evicted in September 2011. Stephens and Andrew appealed that order, and this Court affirmed it. *See Alexander v. Jensen-Carter*, Nos. 11-2661, 11-3459, 2012 WL 1899716, at *7 (D. Minn. May 24, 2012). On April 28, 2012, Stephens, Alexander, and Andrew (collectively "movants") brought a motion to withdraw reference from the Bankruptcy Court arguing that the court either lacked jurisdiction or that this Court should use its discretion to withdraw reference. That motion was referred to this Court. On May 10, 2012, the Bankruptcy Court granted the trustees the authority to sell 875 Laurel. Movants appeal, arguing that the Bankruptcy Court lacked jurisdiction, that the order was barred by the doctrines of collateral estoppel or *Rooker-Feldman*, that the bankruptcy court lacked jurisdiction over Andrew, and that the order violated 11 U.S.C. § 363.

## ANALYSIS

**I.     MOTION TO WITHDRAW REFERENCE**

Movants ask the Court to withdraw its prior reference of this case to the Bankruptcy Court. A district court may withdraw, on a party's timely motion, "in whole or in part, any case or proceeding" from the Bankruptcy Court. 28 U.S.C. § 157(d). Movants admit that the only issues fall under the Bankruptcy Code and that withdrawal is discretionary. *See Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir. 1985). Given the Bankruptcy Court's long management of this case, the Court will decline to exercise its

discretion to withdraw reference.  The Court also notes that, by any measure, movants' motion to withdraw is untimely.  *See In re H & W Motor Express Co.*, 343 B.R. 208, 213 (N.D. Iowa 2006) ("The party seeking withdrawal must file its motion as soon as practicable.").  The movants' motions to withdraw reference will therefore be denied.

## II.     APPEAL OF MAY 10, 2012 ORDER

Movants make a series of arguments to the effect that the Bankruptcy Court lacks jurisdiction or that it is bound by the doctrines of collateral estoppel or *Rooker-Feldman*.  The Court addressed and rejected these arguments in its prior Order, and it rejects them again for the reasons previously stated by this Court.  *Alexander v. Jensen-Carter*, Nos. 11-2661, 11-3459, 2012 WL 1899716, *6 (D. Minn. May 24, 2012); *Stephens v. Jensen-Carter*, Nos. 06-693 and 06-2327, 2007 WL 2885813, at *3, 6 (D. Minn. Sept. 27, 2007) (Schiltz, J.).

Movants again raise their argument that Stephens had homestead exemption rights because of a state court order in 2004.  The Courts in this district have repeatedly held that neither Stephens nor Alexander have **any** interest in 875 Laurel.  *See, e.g. Stephens v. Jensen-Carter*, Nos. 06-693 and 06-2327, 2007 WL 2885813, at *6 (D. Minn. Sept. 27, 2007) (Schiltz, J.) (noting that debtors have no interest in 875 Laurel), *aff'd, Stephens v. Hedback*, 321 Fed. App'x 536 (8th Cir. 2009).  Therefore, neither Stephens nor Alexander can claim 875 Laurel as an exempted homestead.

Movants argue that Andrew is a co-tenant in the property and that, because the Bankruptcy Court had no personal jurisdiction over him, the May 10 Order is void and

violated numerous subsections of 11 U.S.C. § 363.[2]  All of Andrew's claims are based on his assertion that he is a co-owner of 875 Laurel.  This claim is contrary to numerous orders issued by the Bankruptcy Court over the past three years.[3]  Despite the long history of this case, including numerous appeals to the Eighth Circuit addressing the rights of Stephens and Alexander, **Andrew has never moved to intervene in any of the actions giving rise to these orders or their appeals.**  *See* Fed. R. Civ. P. 24(a)(2) (permitting a person who "claims an interest relating to the property . . . that is the subject of the action" to make a timely motion to intervene).  The Court concludes that Andrew forfeited his claim by failing to timely raise a motion to intervene asserting his purported interest.  *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("[F]orfeiture is the failure to make the timely assertion of a right[.]"); *United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995) ("The question for determining the timeliness of the motion to intervene is whether existing parties may be prejudiced by the delay in moving to intervene . . . .").[4]  Because Andrew has forfeited any claim regarding his ownership

---

[2] Movants also argue that **Stephens** is a co-tenant in the property and that she should have been granted a right of first refusal pursuant to 11 U.S.C. § 363(i).  Again, as the courts have repeatedly stated, most recently in *Alexander v. Jensen-Carter*, Nos. 11-2661, 11-3459, 2012 WL 1899716, at *6 (D. Minn. May 24, 2012), Stephens has **no** ownership interest in the house.  Therefore, the May 10 Order did not need to consider Stephens's purported co-tenant rights.

[3] *In re Stephens, In re Alexander*, No. 04-3468, No. 98-34858, No. 98-33694 (Bankr. D. Minn. May 10, 2012) (approving the sale of 875 Laurel); *In re Stephens, In re Alexander*, No. 04-3468, No. 98-34858, No. 98-33694 (Bankr. D. Minn. Aug. 31, 2011) (granting the trustees possession of 875 Laurel); *In re Stephens, In re Alexander*, No. 98-34858, No. 98-33694 (Bankr. D. Minn. Dec. 17, 2009) (approving stipulation of settlement and allocating the proceeds from the sale of the estate to the trustees).

[4] After more than ten years of litigation, possession of 875 Laurel was turned over to the trustees and sale to a good faith purchaser was approved.  The Court cannot imagine a situation in which the trustees could be more prejudiced by Andrew's delay.

interest in 875 Laurel, the Bankruptcy Court did not need jurisdiction over him and § 363 is inapplicable.

Finally, the Court recognizes and respects the importance of protecting the rights of unrepresented parties,[5] and potential intervenors, *see, e.g.*, *Union Elec. Co.*, 64 F.3d at 1158-59. But here the movants' repeated appeals, piecemeal litigation, and redundant motions have frustrated this dispute's conclusion long enough. *See* Fed. R. Civ. P. 1 ("[The Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Andrew Will Alexander, Larry K. Alexander, and G. Yvonne Stephens's Motions to Withdraw Reference [Civ No. 12-1144, Docket No. 1; Civ. No. 12-1145, Docket No. 1] are **DENIED**.

2. The May 10, 2012 order of the Bankruptcy Court is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 16, 2012            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.           JOHN R. TUNHEIM
                                                             United States District Judge

---

[5] Throughout much of this litigation one or all of the movants has been unrepresented.