# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | |
| G. YVONNE STEPHENS<br>LARRY K. ALEXANDER,<br><br>　　　　　　　　　　Debtors. | BKY Nos. 98-34858 and 98-33694 |
| G. YVONNE STEPHENS,<br><br>　　　　　　　　　　Appellant,<br>v.<br><br>JOHN A. HEDBACK, *Trustee of the Bankruptcy Estate of G. Yvonne Stephens*,<br><br>　　　　　　　　　　Appellee. | Civil No. 12-1423 (JRT)<br>Civil No. 12-1424 (JRT) |
| * * * * * * * * * * * * * * * * | **ORDER** |
| LARRY KENNETH ALEXANDER,<br><br>　　　　　　　　　　Appellant,<br>v.<br><br>MARY JO A. JENSEN-CARTER, *Trustee of the Bankruptcy Estate of Larry Kenneth Alexander*,<br><br>　　　　　　　　　　Appellee. | |

Daniel L. M. Kennedy, **KENNEDY LAW GROUP PLLC**, 4103 East Lake Street, Minneapolis, MN  55406, for G. Yvonne Stephens and Larry K. Alexander.

Michael J. Iannacone, III and Mary F. Ahrens, **IANNACONE LAW OFFICE, P.L.L.C.**, 8687 Eagle Point Boulevard, Lake Elmo, MN  55042, for Mary Jo A. Jensen-Carter.

John A. Hedback, **HEDBACK ARENDT KOHL & CARLSON**, 2855 Anthony Lane South, Suite 201, Saint Anthony, MN  55418; and Michael J. Iannacone, III, **IANNACONE LAW OFFICE, P.L.L.C.**, 8687 Eagle Point Boulevard, Lake Elmo, MN  55042, for John A. Hedback .

This matter is before the Court on Mary Jo A. Jensen-Carter and John A. Hedback's (collectively, "Trustees") motion for sanctions.  The Trustees bring their motion under Rule 9011 of the Federal Rules of Bankruptcy Procedure.  Because the Trustees did not comply with the safe harbor provision in Rule 9011, the Court will deny the motion as untimely.

## BACKGROUND[1]

On June 14, 2012, G. Yvonne Stephens and Larry K. Alexander (collectively, "Appellants") appealed from a May 10, 2012 order of the Bankruptcy Court granting Trustees the authority to sell real property located at 875 Laurel Avenue. (Notice of Appeal, June 14, 2012, Docket No. 1.)[2]  On July 30, 2012, Trustees filed a motion for sanctions pursuant to Rule 38 of the Federal Rules of Appellate Procedure, arguing that the Appellants' appeal was frivolous and moot.  (Mot. for Sanctions, July 30, 2012, Docket No. 9; Mem. in Supp. of Mot. for Sanctions, July 30, 2012, Docket No. 11.)  Prior to filing the motion for sanctions, on June 22, 2012, Trustees allegedly served a notice

---

[1] The background is recited only to the extent necessary to rule on the present motion.  A more thorough background regarding the underlying bankruptcy proceeding can be found in the Court's previous order.  (*See* Order, Aug. 16, 2012, Docket No. 15.)

[2] All docket references are to Civil Case Number 12-1423.  Identical appeals and documents pertaining to the motions for sanctions were also filed in Civil Case Number 12-1424.

and copy of the motion on Appellants. (Mot. for Sanctions ¶ 2, Aug. 21, 2012, Docket No. 17.)[3]

On August 16, 2012, the Court denied Trustees' motion for sanctions because a motion for sanctions in an appeal from the Bankruptcy Court cannot be brought under the Federal Rules of Appellate Procedure. (Order, Aug. 16, 2012, Docket No. 14.) On the same day, the Court affirmed the May 10, 2012 order of the Bankruptcy Court. (Order at 6, August 16, 2012, Docket No. 15.) On August 17, 2012, judgment was entered against Appellants. (J., Aug. 17, 2012, Docket No. 16.)

On August 21, 2012, Trustees brought the present motion seeking sanctions under Federal Rule of Bankruptcy Procedure 9011. Trustees never served this motion upon the Appellants prior to filing the motion with the Court. The basis of Trustees' motion for sanctions is again the allegedly frivolous and moot nature of Appellants' June 14, 2012 appeal.

## ANALYSIS

Under Federal Rule of Bankruptcy Procedure 9011, a party cannot file a motion for sanctions if the challenged pleading is withdrawn or corrected within twenty-one days after service of the motion on the party against whom sanctions are sought. Fed. R. Bankr. P. 9011(c)(1)(A). Providing notice and allowing the offending party the opportunity to withdraw the challenged document "is mandatory." *Zhu v. Fed. Hous. Fin. Bd.*, No. 04-2539, 2007 WL 675646, at *4 (D. Kan. Mar. 1, 2007). "If the twenty-

---

[3] The Trustees claim to have attached a copy of the document they served on Appellants to their current motion for sanctions. No such document is attached.

one day period is not provided, the motion must be denied." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008); *see also Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528-29 (10th Cir. 1997). "The purpose of the safe harbor is to give parties the opportunity to correct their errors, with the practical effect being that a party cannot delay serving its . . . Rule 9011 motion – until conclusion of the case (or judicial rejection of the offending contention)." *In re Schaefer Sale Recovery, Inc.*, 542 F.3d at 99 (internal quotation marks omitted). "[T]he filing of a sanctions motion after **entry of final judgment** is procedurally defective." *In re Jazz Photo Corp.*, 312 B.R. 524, 534 (Bankr. D.N.J. 2004) (emphasis in original).

The Court finds that Trustees failed to comply with the safe harbor provision regarding the present motion for sanctions.[4] Rule 9011 requires that the party seeking sanctions serve "**the motion**" upon the party against whom sanctions are sought twenty-one days before filing the motion with the court. Fed. R. Bankr. P. 9011(c)(1)(A) (emphasis added). Here, Trustees never served the instant motion upon the Appellants. Instead, Trustees only served a previous motion for sanctions upon Appellants, which motion this Court denied. Service of Trustees' first motion for sanctions is insufficient to satisfy the safe harbor requirement of Rule 9011 with respect to their present motion for sanctions. *See Zhu*, 2007 WL 675646, at *4 (denying defendant's motion for sanctions where "[a]lthough [defendant] followed the safe harbor rules before it filed the first

---

[4] In their moving papers, Appellants specifically requested that the Court deny the motion for sanctions based on the Trustees' failure to comply with the safe harbor period. (Mem. in Opp. to Mot. for Sanctions at 5-6, Aug. 29, 2012, Docket No. 20.)

motion for sanctions, it did not do so with the motion now before the Court").[5]  Because Trustees failed to comply with the procedural requirements of Rule 9011, the Court must deny their motion for sanctions.  *See In re New River Dry Dock, Inc.*, 461 B.R. 642, 646 (Bankr. S.D. Fla. 2011) (stating that it is an abuse of discretion to allow a party seeking sanctions "to shorten Rule 9011's **mandatory** safe harbor period" (emphasis in original)).

Moreover, the Court finds that Trustees' failure to follow Rule 9011's safe harbor provision was not a mere "technicality" but actually failed to afford Appellants the opportunity to avoid the imposition of sanctions.  Trustees' essentially argue that service of their first motion for sanctions on June 22, 2012, was "close enough" to alert Appellants that they would be sanctioned for their June 14, 2012 appeal pursuant to Trustees' second motion for sanctions.  Even if strict compliance with Rule 9011's safe harbor provision was not required, notice of Trustees' first motion for sanctions did not provide Appellants with any notice that sanctions would be sought in a second motion.  The first motion for sanctions stated that sanctions would be sought under Rule 38 of the Federal Rules of Appellate Procedure.  Upon receiving the unfiled motion, Appellants, as

---

[5] *See In re Miller*, Civ Nos. 12-503, 12-830, 2012 WL 2467009, at *8 (E.D. Pa. June 28, 2012) ("The Millers served (and filed) Motion 1, and then summarily withdrew it the next day.  Approximately three weeks later, the Millers then filed (and served) Motion 2.  While Motion 1 and Motion 2 contained the same allegations and arguments, they were different motions nonetheless.  As such, the Millers cannot rely on the service of Motion 1 to satisfy Rule 9011's safe harbor requirement with respect to Motion 2."); *Saldibar v. Delray One, Inc.*, No. 07-80608, 2008 WL 3540518, *1-2 (S.D. Fla. Aug. 12, 2008) (denying a defendant's motion for sanctions where defendant had filed an initial motion for sanctions, the motion was denied by the court, and the defendant brought a renewed motion for sanctions regarding the same challenged conduct and failed to re-comply with the safe harbor provision).

the to-be-sanctioned party, may have been aware that sanctions could not be awarded under that Rule (as the Court subsequently found when it denied the Trustees' first motion for sanctions) and therefore could have determined that withdrawal of their appeal was not necessary to avoid sanctions. This determination would have been confirmed when the Court denied the first motion for sanctions as improperly brought. After the Court denied the first motion, Appellants had absolutely no notice, as required by Rule 9011, that Trustees would file another motion for sanctions.[6]

Finally, Trustees brought the current motion for sanctions after the Court had already entered judgment regarding Appellants' June 14, 2012 appeal. Because the Court had already entered judgment, Appellants no longer had an opportunity to withdraw the challenged appeal and avoid the imposition of sanctions. *See Carruthers v. Flaum*, 450 F. Supp. 2d 288, 320 (S.D.N.Y. 2006) (denying a motion for sanctions brought after the offending claims had been dismissed because such a motion left "plaintiffs without an

---

[6] In fact, the Court denied outright the Trustees' first motion for sanctions as improperly brought. The Court's rejection makes Appellants' unawareness of the possibility of a future motion for sanctions even more pronounced than if the Trustees had merely withdrawn the first motion and then sought to refile it. Even where a party seeking sanctions merely withdraws and then refiles a motion for sanctions without providing twenty-one days' notice of the refiled motion, courts have declined to award sanctions sought in the refiled motion. *See In re Miller*, 2012 WL 2467009, at *8 ("[W]e cannot say that the withdrawn motion sufficed to give [the to-be-sanctioned-parties] a meaningful opportunity to reflect on the propriety of their adversary proceedings or sufficient notice that, by going forward, they would risk facing Rule 9011 sanctions."). In this case, Trustees did not merely withdraw their motion and "inject significant uncertainty into the [sanctions] situation." *Id.* Instead, the Court affirmatively rejected Trustees' first attempt to seek sanctions. Appellants were then entitled, in the absence of further notice of a subsequent sanctions motion, to go forward without the risk of facing Rule 9011 sanctions.

opportunity to 'withdraw' the challenged pleading").[7]  Therefore Trustees' current motion for sanctions thwarts the exact purpose of the safe harbor requirement.  Because Trustees did not provide twenty-one days' notice of the present motion for sanctions to Appellants, the Court will deny Trustees' motion as untimely.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Appellees' Motions for Sanctions Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure [Civil No. 12-1423 Docket No. 17; Civil No. 12-1424, Docket No. 13] are **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 12, 2013            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                            United States District Judge

---

[7] *See also In re New River Dry Dock, Inc.*, 461 B.R. at 646-47 ("Rule 9011 can have no effect where the offending paper has already been rejected by the court.").